## SMITH v. WATKINS, sheriff.

RUSSELL, C. J.　Under the pleadings and the evidence the court did not err in refusing to grant a mandamus absolute..

*Judgment affirmed.　All the Justices concur, except Atkinson and Hines, JJ., dissenting.*

No. 3420.　JULY 21, 1923.

Petition for mandamus.　Before Judge Munro.　Talbot superior court.　September 7, 1922.

Mrs. T. F. Smith filed mandamus proceedings to require J. W. Watkins, sheriff of Talbot County, to deliver to her eight bales of cotton.　Rule nisi was issued August 19, 1922.　The following facts appear from the petition: Mrs. Smith brought an action of trover against W. J. Thornton, to recover possession of certain property described as follows: "Ten (10) bales of lint-cotton put up and bound in jute bagging or the bagging now commonly used for the purpose of putting around baled cotton, and said cotton is bound with iron ties; all of the value of $800.00." To the petition Mrs. Smith attached an affidavit for the purpose of requiring the defendant to give bail.　The petition was filed on June 5, 1922.　On June 6, the sheriff made the following entry: " I have this day served the defendant, W. J. Thornton, personally with a copy of the within petition and process, and seized eight bales of cotton as described in the within petition of affiant and in possession of defendant."　Thornton declined to execute the statutory bond and to take possession of the cotton; and on July 31, 1922, Mrs. Smith executed the bond provided by law and tendered the same to the sheriff, with the demand that the cotton be delivered to her.　She alleged that the sheriff recognized the security as being good and solvent, but arbitrarily refused to accept the bond and deliver the cotton to petitioner.　On September 6, 1922, the sheriff made the following entry on the petition: " The sheriff hereby amends his return by saying the cotton seized cannot be identified and the sheriff can't tell what cotton or whose cotton it [is]."　On the hearing, September 7, 1922, the plaintiff traversed the return of the sheriff, and insisted that the cotton seized was the identical cotton described in plaintiff's petition and affidavit, and that the entry of the respondent on the petition shows that he did seize this particular cotton, and he cannot attack his return and show that it is not true; that the entry of re-

spondent shows that he did seize, on June 6, 1922, eight bales of the identical cotton described in plaintiff's petition and affidavit, and which is shown by entry of seizure. The defendant admitted seizure of cotton, and for further answer said " the eight bales of cotton referred to in the proceeding were simultaneously seized under several trover proceedings on June 6, 1922, against W. J. Thornton [naming the parties plaintiff] ; that all of these plaintiffs claimed the eight bales of cotton, but none of them nor this respondent could identify the cotton, because it had no marks, tags, number, or anything else upon it by which identification was possible." Defendant further answered that for the same reason he had refused to accept bond of the other claimants, and that it was his duty to protect all claimants by holding the cotton; and he prayed the direction of the court as to disposition of the cotton. The court rendered a judgment refusing a mandamus absolute, to which the plaintiff excepted.

*J. J. Bull & Son,* for plaintiff.

## Boyd *v.* The State.

GILBERT, J. The Court of Appeals certified to this court the following question: "Where in one count of an indictment it is alleged that the defendant, on November 15, 1922, did sell spirituous liquors, etc., and in the second count of the same indictment it is alleged that the defendant on the same date did have, possess, and control spirituous liquors, etc., and the same evidence is relied upon to convict under both counts, and the evidence adduced demands a conviction under both counts, and the court instructed the jury upon both counts of the indictment, is a verdict, finding the defendant guilty on the first count, and *silent* as to the second count, void for repugnancy?" *Held*: The verdict finding the defendant guilty on the first count and silent as to the second count is not void for repugnancy.

(*a*) In *Kuck* v. *State*, 149 *Ga*. 191 (99 S. E. 622), where two counts in an indictment were identical with those described in the question propounded, and where the jury returned a verdict of guilty on the first count and a verdict of not guilty on the second count, this court held such verdict void for repugnancy. That case differs from the present case, where the verdict was silent as to the second count

(*b*) In *Hathcock* v. *State*, 88 *Ga*. 91 (2) (13 S. E. 959), it was held: "Where the trial is had at the same time on two counts in an accusation, a verdict of guilty on one count alone is an acquittal on the other, but such acquittal does not vitiate the conviction, although